A09A2170. HEDDEN v. THE STATE.
A09A2171. HUTTO v. THE STATE.

(690 SE2d 203)

MILLER, Chief Judge.

Following separate guilty plea hearings, Joseph Hedden and George Mahlon Hutto were convicted of sexual exploitation of children (OCGA § 16-12-100 (b) (8)) by knowingly possessing photographic images stored in their computers depicting a minor's body engaged in sexually explicit conduct. Both defendants were sentenced to concurrent fifteen-year sentences with five years to serve and the balance probated. By separate appeals, Hedden and Hutto contend that the trial court erred in interpreting OCGA § 17-10-6.2 (c) (1) (F) ("Condition F"), one of six conditions authorizing the trial court to deviate from the mandatory minimum sentence in their cases,[1] because the children whose photographs they possessed, some

---

[1] In the court's discretion, the court may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section, or any portion thereof, provided that:

(A) The defendant has no prior conviction of an offense prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16, nor a prior conviction for any offense under federal law or the laws of another state or territory of the United States which consists of the same or similar elements of offenses prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16;

of whom were restrained while engaged in sexually explicit conduct, were not victims of such conduct within the meaning of Condition F which requires that "[t]he victim [not be] physically restrained during the commission of the offense." We granted Hutto's motion to consolidate the appeals since they present the same issue for review. Finding that Hedden and Hutto possessed photographs of children victimized, as above, and that Condition F was not satisfied thereby barring a downward departure from mandatory minimum sentencing, we affirm.

"[T]he interpretation of a statute is a question of law, which is reviewed de novo on appeal. Because the trial court's ruling on a legal question is not due any deference, we apply the 'plain legal error' standard of review." (Citation and punctuation omitted.) *Sharma v. State*, 294 Ga. App. 783, 784 (670 SE2d 494) (2008).

The record shows that these cases arise out of peer-to-peer police investigations in which computers and other electronic storage devices used by Hedden and Hutto were identified and seized upon validly executed search warrants as storing electronic images of child pornography in a manner to facilitate sharing the same with others. It is undisputed that certain of the photographs in both cases depict children who were physically restrained when they were photographed while engaged in sexually explicit conduct.

After Hedden and Hutto were convicted upon their pleas of guilty, the State sought mandatory minimum sentences, arguing that no deviation therefrom was authorized under Condition F because the children in each case were victims of the offense of child molestation and were physically restrained when they were photographed. Hedden and Hutto argued entitlement to a deviation downward from mandatory minimum sentencing pursuant to Condition F because the children in issue were not victims of the offense of which they were convicted. The parties agree, therefore, that the sole question before this Court is one of statutory interpretation.

OCGA § 17-10-6.2 makes mandatory minimum sentencing applicable to a variety of sexual offenses, among them sexual exploitation of children as in these cases. OCGA §§ 17-10-6.2 (a) (10) and

---

(B) The defendant did not use a deadly weapon or any object, device, or instrument which when used offensively against a person would be likely to or actually did result in serious bodily injury during the commission of the offense;

(C) The court has not found evidence of a relevant similar transaction;

(D) The victim did not suffer any intentional physical harm during the commission of the offense;

(E) The offense did not involve the transportation of the victim; and

(F) The victim was not physically restrained during the commission of the offense.

OCGA § 17-10-6.2 (c) (1) (A)–(F) ("Conditions A–F," respectively).

16-12-100 (b) (8), respectively. As indicated above, trial judges may deviate from the applicable mandatory minimum sentence (here, not less than five nor more than twenty years imprisonment and a fine of \$100,000 (OCGA §§ 16-12-100 (g) (1) and 17-10-6.2 (b))), upon satisfaction of Conditions A–F.

It is undisputed that Hedden and Hutto satisfied Conditions A–E of the foregoing conditions governing the trial court's discretion in considering a downward departure from imposing the mandatory minimum sentence in these cases. We therefore turn to an interpretation of the meaning and effect of the last of the conditions governing such authority, Condition F. See *State v. Mack*, 231 Ga. App. 499, 500 (499 SE2d 355) (1998) (while criminal statutes must be strictly construed, "they must first be construed consistent with genuine legislative intent and in a manner which avoids absurd and contradictory results") (citations and punctuation omitted).

Here, in determining the legislature's intent, we first emphasize that OCGA § 17-10-6.2 lists six conditions, all of which must be satisfied before a trial court may exercise its permissive authority to deviate from the applicable mandatory minimum sentence. Conditions A–C thereof plainly address the status of the defendant's conduct; however, the latter three conditions, including Condition F, focus entirely on the victim. Thus, for purposes of Condition F, it is irrelevant whether Hedden and Hutto personally restrained the children whose photographs they possessed. A reading of OCGA § 16-12-100 clearly shows that the victim of the crime of which Hedden and Hutto were convicted is the child who is sexually exploited by photographs taken of the child while engaged in sexually explicit conduct, whether restrained or unrestrained when photographed. See *Osborne v. Ohio*, 495 U. S. 103, 111 (110 SC 1691, 109 LE2d 98) (1990) ("The pornography's *continued existence* causes the child victims continuing harm by haunting the children in years to come.") (emphasis supplied). Conviction of sexual exploitation by possession of photographs victimizing children in the manner foreclosed by Condition F (see *City of Macon v. Alltel Communications*, 277 Ga. 823, 828, n. 8 (596 SE2d 589) (2004) ("[w]ords, like people, are judged by the company they keep") (citations and punctuation omitted)) is sufficient to show a failure to satisfy such condition. Any contrary conclusion as to the interface between the offense of which Hedden and Hutto were convicted and deviation from mandatory minimum sentencing pursuant to Condition F would lead to an absurd result — this because doing so would excuse the defendant's exploitation of physically restrained children for purposes of sentencing notwithstanding the legislature's decision to craft Condition F in terms protective of the child victim described therein and not the conduct of the defendant. See *Mack*, supra, 231 Ga. App. at 500.

It follows that Hedden and Hutto urge this Court to cross a bridge too far. Their crimes were not victimless — the minors whose pictures they possessed, among them children who were physically restrained while engaged in sexually explicit conduct — but were continuing crimes against the children depicted. See *Osborne*, supra, 495 U. S. at 111. Inasmuch as Hedden and Hutto possessed photographs of children thus restrained and victimized, the trial court properly concluded that Condition F had not been satisfied. Consequently, the trial court did not err in imposing the mandatory minimum sentence. And given the permissive nature of the trial court's authority to deviate from mandatory minimum sentencing pursuant to OCGA § 17-10-6.2 (b) and the evidence of record, it would not be otherwise even had Condition F been satisfied.

*Judgments affirmed in Case Nos. A09A2170 and A09A2171. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 6, 2010 — ▬▬▬▬▬

*H. Maddox Kilgore*, for appellant.
*Garry T. Moss, District Attorney, Lara A. Snow, Assistant District Attorney*, for appellee.