## A10A0945. TINDELL v. THE STATE.
### (703 SE2d 57)

BARNES, Presiding Judge.

Jesse Tindell was indicted for four counts of sexual exploitation of children, OCGA § 16-12-100. He pled guilty and was sentenced to fifteen years, to serve the mandatory minimum of five years in confinement. Following the trial court's grant of his motion for an out-of-time appeal, Tindell appeals, contending that the trial court erred in interpreting OCGA § 17-10-6.2 (c) (1) (F) to disqualify him, as a matter of law, from consideration of a statutory provision authorizing the deviation from the mandatory minimum sentence.[1] We do not agree.

The record shows that Tindell entered a plea of guilty of four counts of sexual exploitation of children based on his knowing possession of a computer containing digital video and digital images of minors engaged in sexually explicit conduct. The child in the video at issue in Count 1 was restrained and bound during the sexual acts.

During the plea hearing, Tindell acknowledged that his plea was based on the trial court's rulings "in other cases" that under OCGA § 17-10-6.2 "the participants in the videos are victims," and thus pursuant to OCGA § 17-10-6.2 (c) (1) (F), the court could not deviate from the mandatory minimum if a victim was physically restrained in the video. Pursuant to OCGA § 16-12-100 (g) (1),

---

[1] In the court's discretion, the court may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section, or any portion thereof, provided that:

    (A) The defendant has no prior conviction of an offense prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16, nor a prior conviction for any offense under federal law or the laws of another state or territory of the United States which consists of the same or similar elements of offenses prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16;

    (B) The defendant did not use a deadly weapon or any object, device, or instrument which when used offensively against a person would be likely to or actually did result in serious bodily injury during the commission of the offense;

    (C) The court has not found evidence of a relevant similar transaction;

    (D) The victim did not suffer any intentional physical harm during the commission of the offense;

    (E) The offense did not involve the transportation of the victim; and

    (F) *The victim was not physically restrained during the commission of the offense.*

(Emphasis supplied.) OCGA § 17-10-6.2 (c) (1).

sexual exploitation of children carries a sentence of five to twenty years, and OCGA § 17-10-6.2 (b) requires a mandatory minimum term of imprisonment for sexual exploitation of children. The trial court in its discretion can disregard the mandatory minimum if the conditions in OCGA § 17-10-6.2 (c) are satisfied. Tindell further stated that his plea was conditioned[2] upon the outcome of similar cases in the appeal process because ordinarily he "would argue that there is evidence in mitigation of the punishment."

Tindell argues on appeal that the trial court erred in concluding that OCGA § 17-10-6.2 (c) (1) (F) does not require that the child actually had to be restrained at the time Tindell committed the charged offense of sexual exploitation of children. He contends that the trial court ignored the clear and unambiguous language of the statute by "focusing exclusively on the fact that 'the victim' is the subject of the condition precedent 'F,' thereby suggesting that the sentencing court could consider whether a victim was restrained by a third party." He further contends that to do so ignores the limitation delineated in the clause, "during the commission of the offense," contained in the statute.

Tindell acknowledges this case is controlled by recent precedent in *Hedden v. State*, 301 Ga. App. 854 (690 SE2d 203) (2010), writ of certiorari granted, Case No. S10G0806 (May 17, 2010). In *Hedden*, the defendants were convicted of sexual exploitation of children upon their pleas of guilty, and the State sought mandatory minimum sentences, arguing that no deviation therefrom was authorized under Condition F because the children in each case were victims of the offense of child molestation and were physically restrained when they were photographed. Id. at 855. The defendants argued that they were entitled to a deviation from the mandatory minimum sentencing pursuant to Condition F because the children at issue were not victims of the offense of which they, the defendants, were convicted. Id. In affirming the trial court's sentence of the mandatory minimum, we held:

> [I]n determining the legislature's intent, we first emphasize that OCGA § 17-10-6.2 lists six conditions, all of which must be satisfied before a trial court may exercise its permissive authority to deviate from the applicable mandatory minimum sentence. Conditions A−C thereof plainly address the status of the defendant's conduct; however, the latter three conditions, including Condition F, focus entirely

---

[2] Although not significant in this appeal, this Court does not consider conditional guilty pleas. *Hooten v. State*, 212 Ga. App. 770 (442 SE2d 836) (1994).

on the victim. Thus, for purposes of Condition F, it is irrelevant whether [the defendants] personally restrained the children whose photographs they possessed. A reading of OCGA § 16-12-100 clearly shows that the victim of the crime of which [the defendants] were convicted is the child who is sexually exploited by photographs taken of the child while engaged in sexually explicit conduct, whether restrained or unrestrained when photographed. See *Osborne v. Ohio*, 495 U. S. 103, 111 (110 SC 1691, 109 LE2d 98) (1990) ("The pornography's *continued existence* causes the child victims continuing harm by haunting the children in years to come.") (emphasis supplied). Conviction of sexual exploitation by possession of photographs victimizing children in the manner foreclosed by Condition F (see *City of Macon v. Alltel Communications*, 277 Ga. 823, 828, n. 8 (596 SE2d 589) (2004) ("(w)ords, like people, are judged by the company they keep") (citations and punctuation omitted)) is sufficient to show a failure to satisfy such condition. Any contrary conclusion as to the interface between the offense of which [the defendants] were convicted and deviation from mandatory minimum sentencing pursuant to Condition F would lead to an absurd result — this because doing so would excuse the defendant's exploitation of physically restrained children for purposes of sentencing notwithstanding the legislature's decision to craft Condition F in terms protective of the child victim described therein and not the conduct of the defendant. [Cit.] It follows that [the defendants] urge this Court to cross a bridge too far. Their crimes were not victimless — the minors whose pictures they possessed, among them children who were physically restrained while engaged in sexually explicit conduct — but were continuing crimes against the children depicted. See *Osborne,* supra, 495 U. S. at 111. Inasmuch as [the defendants] possessed photographs of children thus restrained and victimized, the trial court properly concluded that Condition F had not been satisfied.

Id. at 856-857.

Although Tindell argues that the legislature intended that "the commission of the offense" be the sexual act rather than the viewing of the sexual act, we do not think the legislature intended for a digital third wall to protect static actors, or punish them less severely than the actual actors in these types of crimes against children. We are not inclined, as Tindell requests, to overrule *Hedden*.

*Judgment affirmed. Senior Appellate Judge G. Alan Blackburn*

*and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 27, 2010 —

*H. Maddox Kilgore*, for appellant.
*Garry T. Moss, District Attorney, Lara A. Snow, Cliff Head, Assistant District Attorneys*, for appellee.