S10G0806. HEDDEN et al. v. THE STATE.
(708 SE2d 287)

Hines, Justice.

In OCGA § 17-10-6.2, the General Assembly has provided that, as to certain sexual offenses, resulting sentences are to include a minimum time that must be served in prison, although in certain circumstances, the trial court is given discretion to deviate from the minimum prison term. This Court granted a writ of certiorari to the Court of Appeals to consider whether that Court properly held that the factor of possession of a photographic image of a victim being restrained precludes deviation from mandatory minimum sentencing under OCGA § 17-10-6.2 (c) (1) (F). See *Hedden v. State*, 301 Ga. App. 854 (690 SE2d 203) (2010). Finding that the Court of Appeals erred, we reverse.

In separate proceedings, Joseph Hedden and George Mahlon Hutto pled guilty to multiple counts of sexual exploitation of children by knowingly possessing photographic images stored in their respective computers that depicted a minor's body engaged in sexually explicit conduct. See OCGA § 16-12-100 (b) (8) ("It is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.").[1] Such a crime is a felony, punishable "by imprisonment for not less than five nor more than 20 years and by a

---

[1] In its entirety, OCGA § 16-12-100 reads:

(a) As used in this Code section, the term:

(1) "Minor" means any person under the age of 18 years.

(2) "Performance" means any play, dance, or exhibit to be shown to or viewed by an audience.

(3) "Producing" means producing, directing, manufacturing, issuing, or publishing.

(4) "Sexually explicit conduct" means actual or simulated:

(A) Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B) Bestiality;

(C) Masturbation;

(D) Lewd exhibition of the genitals or pubic area of any person;

(E) Flagellation or torture by or upon a person who is nude;

fine of not more than $100,000.00." OCGA § 16-12-100 (g) (1).

(F) Condition of being fettered, bound, or otherwise physically restrained on the part of a person who is nude;

(G) Physical contact in an act of apparent sexual stimulation or gratification with any person's unclothed genitals, pubic area, or buttocks or with a female's nude breasts;

(H) Defecation or urination for the purpose of sexual stimulation of the viewer; or

(I) Penetration of the vagina or rectum by any object except when done as part of a recognized medical procedure.

(5) "Visual medium" means any film, photograph, negative, slide, magazine, or other visual medium.

(b) (1) It is unlawful for any person knowingly to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual medium depicting such conduct.

(2) It is unlawful for any parent, legal guardian, or person having custody or control of a minor knowingly to permit the minor to engage in or to assist any other person to engage in sexually explicit conduct for the purpose of producing any visual medium depicting such conduct.

(3) It is unlawful for any person knowingly to employ, use, persuade, induce, entice, or coerce any minor to engage in or assist any other person to engage in any sexually explicit conduct for the purpose of any performance.

(4) It is unlawful for any parent, legal guardian, or person having custody or control of a minor knowingly to permit the minor to engage in or to assist any other person to engage in sexually explicit conduct for the purpose of any performance.

(5) It is unlawful for any person knowingly to create, reproduce, publish, promote, sell, distribute, give, exhibit, or possess with intent to sell or distribute any visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.

(6) It is unlawful for any person knowingly to advertise, sell, purchase, barter, or exchange any medium which provides information as to where any visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct can be found or purchased.

(7) It is unlawful for any person knowingly to bring or cause to be brought into this state any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.

(8) It is unlawful for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct.

(c) A person who, in the course of processing or producing visual or printed matter either privately or commercially, has reasonable cause to believe that the visual or printed matter submitted for processing or producing depicts a minor engaged in sexually explicit conduct shall immediately report such incident, or cause a report to be made, to the Georgia Bureau of Investigation or the law enforcement agency for the county in which such matter is submitted. Any person participating in the making of a report or causing a report to be made pursuant to this subsection or participating in any judicial proceeding or any other proceeding resulting therefrom shall in so doing be immune from any civil or criminal liability that might otherwise be incurred or imposed, providing such participation pursuant to this subsection is made in good faith.

(d) The provisions of subsection (b) of this Code section shall not apply to the activities of law enforcement and prosecution agencies in the investigation and prosecution of criminal offenses or to legitimate medical, scientific, or educational activities.

(e) (1) A person who is convicted of an offense under this Code section shall forfeit to the State of Georgia such interest as the person may have in:

## Under OCGA § 17-10-6.2,[2] one of the crimes for which a sentence

(A) Any property constituting or directly derived from gross profits or other proceeds obtained from such offense; and

(B) Any property used, or intended to be used, to commit such offense.

(2) In any action under this Code section, the court may enter such restraining orders or take other appropriate action, including acceptance of performance bonds, in connection with any interest that is subject to forfeiture.

(3) The court shall order forfeiture of property referred to in paragraph (1) of this subsection if the trier of fact determines, beyond a reasonable doubt, that such property is subject to forfeiture.

(4) The provisions of subsection (u) of Code Section 16-13-49 shall apply for the disposition of any property forfeited under this subsection. In any disposition of property under this subsection, a convicted person shall not be permitted to acquire property forfeited by such person.

(f) (1) The following property shall be subject to forfeiture to the State of Georgia:

(A) Any material or equipment used, or intended for use, in producing, reproducing, transporting, shipping, or receiving any visual medium in violation of this Code section;

(B) Any visual medium produced, transported, shipped, or received in violation of this Code section, or any material containing such depiction; provided, however, that any such property so forfeited shall be destroyed by the appropriate law enforcement agency after it is no longer needed in any court proceedings; or

(C) Any property constituting or directly derived from gross profits or other proceeds obtained from a violation of this Code section;

except that no property of any owner shall be forfeited under this paragraph, to the extent of the interest of such owner, by reason of an act or omission established by such owner to have been committed or omitted without knowledge or consent of such owner.

(2) The procedure for forfeiture and disposition of forfeited property under this subsection shall be as provided for forfeitures under Code Section 16-13-49.

(g) (1) Except as otherwise provided in paragraph (2) of this subsection, any person who violates a provision of this Code section shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five nor more than 20 years and by a fine of not more than $100,000.00. In the event, however, that the person so convicted is a member of the immediate family of the victim, no fine shall be imposed.

(2) Any person who violates subsection (c) of this Code section shall be guilty of a misdemeanor.

[2] OCGA § 17-10-6.2 reads:

(a) As used in this Code section, the term "sexual offense" means:

(1) Aggravated assault with the intent to rape, as defined in Code Section 16-5-21;

(2) False imprisonment, as defined in Code Section 16-5-41, if the victim is not the child of the defendant and the victim is less than 14 years of age;

(3) Sodomy, as defined in Code Section 16-6-2, unless subject to the provisions of subsection (d) of Code Section 16-6-2;

(4) Statutory rape, as defined in Code Section 16-6-3, if the person convicted of the crime is 21 years of age or older;

(5) Child molestation, as defined in subsection (a) of Code Section 16-6-4, unless subject to the provisions of paragraph (2) of subsection (b) of Code Section 16-6-4;

(6) Enticing a child for indecent purposes, as defined in Code Section 16-6-5, unless subject to the provisions of subsection (c) of Code Section 16-6-5;

(7) Sexual assault against persons in custody, as defined in Code Section 16-6-5.1;

is to include a minimum time to be served in prison is the sexual exploitation of children as set forth in OCGA § 16-12-100 (b) (8). See OCGA § 17-10-6.2 (a) (10). Under the statutory scheme set forth in OCGA § 17-10-6.2, a trial court is prohibited from probating, suspending, staying, deferring, or withholding any of the mandatory term of imprisonment stated for any of the specified offenses. OCGA § 17-10-6.2 (b). However, if certain factors are found, a sentencing court is given the discretion to deviate from the mandatory minimum prison sentence; all of the factors stated must be present to authorize a court to deviate from the mandatory minimum sentence. OCGA § 17-10-6.2 (c) (1) (A)-(F). One of those factors is that "[t]he

---

(8) Incest, as defined in Code Section 16-6-22;

(9) A second or subsequent conviction for sexual battery, as defined in Code Section 16-6-22.1; or

(10) Sexual exploitation of children, as defined in Code Section 16-12-100.

(b) Except as provided in subsection (c) of this Code section, and notwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year. No person convicted of a sexual offense shall be sentenced as a first offender pursuant to Article 3 of Chapter 8 of Title 42, relating to probation for first offenders, or any other provision of Georgia law relating to the sentencing of first offenders.

(c) (1) In the court's discretion, the court may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section, or any portion thereof, provided that:

(A) The defendant has no prior conviction of an offense prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16, nor a prior conviction for any offense under federal law or the laws of another state or territory of the United States which consists of the same or similar elements of offenses prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16;

(B) The defendant did not use a deadly weapon or any object, device, or instrument which when used offensively against a person would be likely to or actually did result in serious bodily injury during the commission of the offense;

(C) The court has not found evidence of a relevant similar transaction;

(D) The victim did not suffer any intentional physical harm during the commission of the offense;

(E) The offense did not involve the transportation of the victim; and

(F) The victim was not physically restrained during the commission of the offense.

(2) If the court deviates in sentencing pursuant to this subsection, the judge shall issue a written order setting forth the judge's reasons. Any such order shall be appealable by the defendant pursuant to Code Section 5-6-34, or by the State of Georgia pursuant to Code Section 5-7-1.

(d) If the court imposes a probated sentence, the defendant shall submit to review by the Sexual Offender Registration Review Board for purposes of risk assessment classification within ten days of being sentenced and shall otherwise comply with Article 2 of Chapter 1 of Title 42.

victim was not physically restrained during the commission of the offense." OCGA § 17-10-6.2 (c) (1) (F). Thus, the possibility of a less stringent sentence is foreclosed if the victim *was* "physically restrained during the commission of the offense." Id.

Each of the defendants' computers had at least one picture depicting children being physically restrained during sexually explicit conduct. Based upon the presence of those pictures, the trial court concluded that the defendants were not eligible to be considered for deviation from the mandatory minimum prison sentences, and thus the trial court sentenced each man to multiple concurrent fifteen-year sentences, with five of those years to be served in prison and the balance to be served on probation, without considering any lesser period of confinement. Their appeals were consolidated in the Court of Appeals, and that Court agreed with the trial court, and affirmed the sentences. *Hedden,* supra.

The opinion of the Court of Appeals looked at the factors authorizing deviation from the minimum prison sentences as set forth in OCGA § 17-10-6.2 (c) (1) (A)-(F), and noted that factors (A) through (C) concerned the status and behavior of the defendant, while factors (D) through (F) were phrased in a manner that "focused entirely on the victim."[3] *Hedden,* supra at 856. From this circumstance, the Court of Appeals concluded that, as children were depicted while physically restrained in materials held by the defendants, factor (F) was not met, and the trial court was correct that it had no discretion to deviate from the mandatory minimum sentencing set forth in OCGA § 17-10-6.2 (b). However, the analysis of the Court of Appeals does not give sufficient regard to all the statutory language; factor (F) precludes the trial court from exercising sentencing discretion when the victim was "physically restrained *during the commission of the offense.*" OCGA § 17-10-6.2 (c) (1) (F) (Emphasis supplied.).

It is a fundamental rule that courts avoid a construction of a statute that makes some language mere surplusage. *Harris v. State,* 286 Ga. 245, 251 (5) (686 SE2d 777) (2009). Further, "[c]riminal statutes must be strictly construed against the State. [Cit.]" *Davis v. State,* 273 Ga. 14, 15 (537 SE2d 663) (2000). Thus, the use of the words "during the commission of the offense" in OCGA § 17-10-6.2 (c) (1) (F) must be given effect.

The appellants were charged with possession of material in violation of OCGA § 16-12-100 (b) (8). Therefore, it would have to be

---

[3] The Court of Appeals noted that there was no dispute that application of the factors set forth in OCGA § 17-10-6.2 (c) (1) (A)-(E) did not preclude the trial court's exercise of the discretion to deviate from the mandatory minimum sentencing.

shown that the child victims in the images were physically restrained at the same time that the appellants possessed the offending material in order for OCGA § 17-10-6.2 (c) (1) (F) to exclude the trial court from having the sentencing discretion set forth in OCGA § 17-10-6.2 (c) (1).[4] It is uncontroverted that no such evidence exists. Accordingly, the trial court erred in determining that it was without discretion to deviate from the minimum sentencing requirements of OCGA § 17-10-6.2 (b), and the Court of Appeals erred in affirming that ruling.

*Judgments reversed. All the Justices concur.*

DECIDED MARCH 18, 2011.

*H. Maddox Kilgore*, for appellants.
*Garry T. Moss, District Attorney, Lara A. Snow, Cliff Head, Assistant District Attorneys*, for appellee.

---

[4] The comment of the Court of Appeals that "it is irrelevant whether Hedden and Hutto personally restrained the children whose photographs they possessed," *Hedden*, supra at 856, is thus misplaced. Were they, or other defendants, charged with creating such a photograph by operating a camera, see OCGA § 16-12-100 (b) (5), they may not have personally restrained the children, but nonetheless the victims would have been physically restrained during the commission of their crime, within the meaning of OCGA § 17-10-6.2 (c) (1) (F).