A10A0945. TINDELL v. THE STATE.
(722 SE2d 921)

BARNES, Presiding Judge.

In *Hedden v. State*, 288 Ga. 871 (708 SE2d 287) (2011), our Supreme Court reversed this Court's decision in *Hedden v. State*, 301 Ga. App. 854 (690 SE2d 203) (2010), and held that the trial court erred in determining that it was without discretion to deviate from the minimum sentencing requirements of OCGA § 17-10-6.2 (b). The trial court had found that Hedden's possession of a photographic image of a victim being restrained precluded a downward departure from the mandatory minimum sentencing under OCGA § 17-10-6.2 (c) (1) (F). *Hedden*, 301 Ga. App. at 854-855.

Per OCGA § 17-10-6.2 (c) (1), "the court may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section, or any portion thereof, provided that" several factors exist, including that "the victim was not physically restrained during the commission of the offense." OCGA § 17-10-6.2 (c) (1) (F). The Supreme Court held that, despite possessing images depicting such behavior, because there was no evidence showing that "the child victims in the images were physically restrained at the same time that the appellants possessed the offending material," OCGA § 17-10-6.2 (c) (1) (F) did not exclude the trial court from having the sentencing discretion set forth in OCGA § 17-10-6.2 (c) (1). *Hedden*, 288 Ga. at 876.

As a result of its holding in *Hedden*, the Supreme Court granted the petition for certiorari in this case and remanded it to this Court for reconsideration. Tindell had entered a plea of guilty to several counts of sexual exploitation of children based on his knowing possession of digital video and digital still images of minors engaged in sexually explicit conduct. Id. In one of the videos, the basis of Count 1 of the indictment, the child was restrained and bound during the sexual acts. Id. Tindell entered a negotiated plea of guilty with a recommendation of fifteen years to serve five, the balance to be served on probation. The trial court ruled that the child shown bound in the video related to Count 1 was a restrained victim as contemplated by OCGA § 17-10-6.2 (c) (1) (F), and thus it could not depart from the mandatory minimum sentencing of OCGA § 17-10-6.2 (b).

In acknowledging it as precedent and adhering to the reasoning of this Court's decision in *Hedden*, 301 Ga. App. 854, we affirmed the trial court and found that under OCGA § 17-10-6.2 (c) (1) (F), the

trial court was foreclosed from deviating from the mandatory minimum sentence because the victim was bound or restrained during one of the sexual acts. We further held that it was immaterial that Tindell had not bound or restrained the child himself because the purpose of the statute was to protect the children who are victimized by such means. Id. at 856.

Based upon our Supreme Court's recent decision in *Hedden*, however, we now conclude that the trial court erroneously failed to exercise its discretion to determine whether Tindell was entitled to a downward departure from the mandatory minimum sentence per OCGA § 17-10-6.2 (c) (1). Accordingly, Tindell's sentence is vacated, and this case is remanded for resentencing in light of the Supreme Court's decision in *Hedden*.

*Judgment affirmed, sentence vacated and case remanded with direction. Blackwell and Dillard, JJ., concur.*

DECIDED FEBRUARY 13, 2012.

*H. Maddox Kilgore*, for appellant.

*Garry T. Moss, District Attorney, Lara A. Snow, Cliff Head, Assistant District Attorneys*, for appellee.