**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

August 8, 2012

# In the Court of Appeals of Georgia

A12A0811. HAYNES v. THE STATE.

ADAMS, Judge.

Stephen Haynes was convicted by a jury on eight counts of sexual exploitation of children. The trial court denied his motion for new trial, and he filed the present appeal. We now affirm Haynes' conviction, but remand for re-sentencing as more fully set forth below.

1. Haynes first challenges the sufficiency of the evidence to support his conviction, arguing that the State failed to prove that he had knowledge of the child pornography images stored on his computer.

Haynes was charged pursuant to OCGA § 16-12-100 (b) (8), which makes it unlawful "for any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." In

*Barton v. State*, 286 Ga. App. 49, 50 (1) (648 SE2d 660) (2007) we reversed the defendant's conviction for sexual exploitation because the evidence was insufficient to show that he was *aware* that the images of child pornography were stored in his computer's temporary (cache) file folders. Id. at 52. Citing *Barton,* Haynes argues his conviction must likewise be reversed. However, unlike *Barton*, in which the evidence established only that the images of child pornography had been downloaded automatically and stored in the defendant's cache folders, in the case at bar the evidence showed that the files containing the child pornography found on Haynes' computer had been intentionally moved or downloaded to his computer and that the files had been modified on various dates, all actions which indicated that the files did not come to be on Haynes computer in some passive way. Further, the evidence showed that Haynes told the officers when they arrived at his residence that he had a computer located in his bedroom beside his bed, and it was on this computer that the images were found. Haynes also admitted to the officers that he shared files on the Internet using certain file sharing programs, including the program used to download the images of child pornography. Although Haynes denied that he viewed child pornography on his computer, the resolution of issues of credibility and conflicting evidence was for the jury, not this Court, to resolve. Our review indicates

2

that the evidence presented at trial in this case was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); thus Haynes' challenge to the sufficiency of the evidence is unavailing. *Dickerson v. State*, 304 Ga. App. 762, 765-766 (2) (697 SE2d 874) (2010).

2. Citing *State v. Kramer*, 260 Ga. App. 546 (580 SE2d 314) (2003) (physical precedent only), Haynes next argues that the trial court erred by denying his motion to suppress the evidence of child pornography seized from his computer because a search warrant executed at his residence was overly broad and failed to particularly describe the items to be searched. However, *Kramer*, in which one judge concurred in the judgment only, is not binding authority. Court of Appeals Rule 33 (a). Further, in that case we affirmed the trial court's suppression of the videotapes seized pursuant to a warrant that authorized the seizure of "VHS videotapes" used, inter alia, in the crime of child molestation because there was absolutely no evidence that the victim was exposed to any of the videotapes. Id. at 548. *McIntyre v. State*, 311 Ga. App. 173, 175-176 (2) (a) (715 SE2d 431) (2011). Thus, *Kramer* is not controlling here.

And, as to the particularity with which the items were described, we have held on numerous occasions that "[w]hen circumstances make an exact description of instrumentalities a virtual impossibility, the searching officer can only be expected

3

to describe the generic class of items he is seeking.'. . . *Butler v. State*, 130 Ga. App. 469, 473 (2) (203 SE2d 558) (1973)." *Smith v. State*, 274 Ga. App. 106, 110 (3) (616 SE2d 868) (2005) ("warrants general description of items evidencing 'child molestation and sexual exploitation of children in violation of OCGA § 16-12-100.2 sufficient')." Applying that test here, we find the description of the items relating to the charge of sexual exploitation of children was sufficient.

Further, even assuming without deciding that the warrant in this case was overly broad because it authorized the seizure of images that could, as Haynes argues, "be irrelevant to a sexual exploitation of minors investigation," there is nothing to indicate that a broader seizure in fact occurred and thus nothing to indicate any harm. Indeed, where a search as it was actually conducted is lawful, "'it is not rendered invalid merely because the warrant pursuant to which it was made was overbroad(.)' [*Butler v. State*, 130 Ga. App. 469, 474 (2) (203 SE2d 558) (1973).]" *Jones v. State*, 313 Ga. App. 590, 594 (2) (722 SE2d 202) (2012).

3. Citing the recent Supreme Court case of *Hedden v. State*, 288 Ga. 871 (708 SE2d 287) (2011), Haynes argues that the trial court erred by determining that it had no discretion, pursuant to OCGA § 17-10-6 (c), to deviate from the mandatory minimum sentencing provisions set forth in OCGA § 17-10-6.2 (b). The State

4

concedes, and we agree, that *Hedden* is controlling here and that, therefore, Haynes' sentence must be vacated and the case remanded for re-sentencing. E.g., *Hatcher v. State*, \_\_\_ Ga. App. \_\_\_ (Case No. A11A2416, decided March 15, 2012); *Tindell v. State*, 314 Ga. App. 91, 92 (722 SE2d 921) (2012).

*Judgment affirmed, sentence vacated and case remanded with direction. Barnes, P. J., and McFadden, J., concur.*