**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 18, 2019**

# In the Court of Appeals of Georgia

A19A1121. THE STATE v. MCCAULEY.

MCMILLIAN, Presiding Judge.

Jayden Thomas McCauley was charged with eight counts of sexual exploitation of children after pictures of minors engaged in sexually explicit conduct were found on his cell phone in violation of OCGA § 16-12-100 (b). The sole issue in this appeal is whether the trial court abused its discretion when it deviated from the mandatory sentencing requirements of OCGA § 17-10-6.2 by imposing a probation only sentence against McCauley after he entered a guilty plea to the charges. As more fully set forth below, we now remand for further consideration of this issue.

Under OCGA § 16-12-100 (f) (1), any person convicted of sexual exploitation of a child shall be imprisoned for not less than five nor more than twenty years and is also subject to the sentencing conditions contained in OCGA § 17-10-6.2.

Subsection (b) of the statute mandates a person convicted of a sexual offense must be sentenced to a split sentence that includes the minimum term of imprisonment as specified for the offense and an additional probated sentence of at least one year.

However, under subsection (c) (1), the trial court has discretion to deviate from the mandatory minimum sentencing requirements set out in subsection (b), provided that certain conditions are met. Those conditions are set out in OCGA § 17-10-6.2 (c) (1) and require that:

(A) the defendant did not have a prior conviction for a sexual offense;

(B) the defendant did not use a deadly weapon or object during the crime;

(C) the court has not found evidence of a relevant similar transaction;

(D) the victim did not suffer intentional physical harm during the commission of the crime;

(E) the offense did not involve the transportation of the victim; and

(F) the victim was not physically restrained during the commission of the offense.[1]

---

[1] In *Hedden v. State,* 288 Ga. 871 (708 SE2d 287) (2011), our Supreme Court explained the requirement in subsection (F) refers to the act of physically restraining the sexual offense victim and does not preclude a downward deviation for a defendant convicted of viewing photographic images of a restrained victim if the defendant played no part in restraining the victim.

2

Under the statute, all of the conditions must be met in order for the trial court to deviate from the mandatory sentencing requirements, and if the trial court exercises sentencing discretion, it must make written findings supporting the deviation. OCGA § 17-10-6.2 (c) (2); see also *Hedden v. State*, 288 Ga. 871, 874 (708 SE2d 287) (2011).

Turning to the case at hand, the record shows that McCauley entered a negotiated guilty plea to all of the charges against him. At a separate sentencing hearing, McCauley argued that he met all the conditions for a deviation and urged the trial court to impose a probation only sentence. McCauley testified at the sentencing hearing that he was seventeen years old at the time of the offenses alleged in the indictment, he had obtained the images through the "KIK App" and viewed them on his cell phone, and he had first viewed images of this type using the same application approximately 12 to 18 months before the offenses alleged in the indictment. The State's attorney opposed the downward deviation, arguing that the State had agreed to recommend a maximum of seven years in prison followed by probation as part of the negotiated plea, and that the trial court could not exercise its discretion to deviate from the mandatory sentencing requirements because McCauley's testimony that he first began viewing sexually explicit images of children about one year prior to the

3

charges against him constituted evidence of a relevant similar transaction. See OCGA § 17-10-6.2 (c) (1) (C).

The trial court rejected the State's argument, finding that McCauley's testimony merely indicated when he first started collecting the images and his conduct was part of an ongoing series of events of viewing sexually explicit pictures of children obtained on the KIK App that ultimately resulted in the charges against him. Following the hearing, the trial court sentenced McCauley to twenty years, but probated the entire sentence. The trial court also entered a separate order setting out the written findings required by OCGA § 17-10-6.2 (c) (2) to support the downward deviation. This appeal followed. See OCGA § 5-7-1 (10) (granting the State the right to file a direct appeal from an order, decision or judgment entered under OCGA § 17-10-6.2 (c)).

As an initial matter, we note that whether or not to downwardly deviate under OCGA § 17-10-6.2 rests in the sound discretion of the trial court, so long as the requirements are met. See *Tew v. State*, 320 Ga. App. 127, 127-28 (739 SE2d 423) (2013). However, if the sentencing issue turns on the proper interpretation of OCGA § 17-10-6.2, it is a question of law, which we review de novo. See id.; *In re Baucom*,

297 Ga. App. 661, 663 (678 SE2d 118) (2009) (explaining standard of review in the similar context of release from the sex offender registry).

The State makes two arguments on appeal: (1) McCauley is disqualified from a downward modification of his sentence since he admitted to engaging in relevant similar transactions for approximately 12 to 18 months prior to his indictment, and (2) each count of the of the indictment constitutes a separate and independent relevant similar transaction. In considering these issues, we turn to two recently decided Supreme Court of Georgia decisions.

In *Evans v. State*, 300 Ga. 271 (794 SE2d 40) (2016), the question before the Court concerned whether the phrase "relevant similar transaction" used in OCGA § 17-10-6.2 (c) (1) (C) could be construed to included other sexual offenses charged in the same indictment as the count on which the defendant was being sentenced. In answering this question in the affirmative, the Court rejected the argument that the phrase "relevant similar transaction" refers only to evidence placed before the factfinder under *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991) and former USCR 31.3 (A) - (D). Instead, relying on the General Assembly's express statutory purpose to protect the public from those who commit multiple separate sexual offenses, the Court held that the sentencing court has the discretion to

determine whether to consider different counts within the indictment to be separate and repeat offenses that would preclude a downward deviation under OCGA § 17-10-6.2.

Importantly for our purposes, the Court gave examples, distinguishing situations where sequential acts may constitute separate crimes which should not be considered a similar transaction for purposes of OCGA § 17-10-6.2 (c) (1) (C) from those involving non-sequential, separate sexual offenses, such that the person becomes the "repeat offender addressed by OCGA § 17-10-6/2 (c) (1) (C)," id. at 282 that the General Assembly intended to keep off the streets for as long as the law permits.

Several days afer *Evans* was issued, the Court had the occasion to address a different issue involving the interpretation of OCGA § 17-10-6.2 in *Yelverton v. State*, 300 Ga. 312, 317 (1) (794 SE2d 613) (2016): whether a trial court was required to treat evidence that had been admitted as a "similar transaction" at the criminal trial of the defendant as "relevant similar transaction evidence" under OCGA § 17-10-6.2 (c) (1) (C).[2] In answering this question in the negative, the Court found its opinion in

---

[2] Although *Yelverton* involved an offender who was seeking release from the sex offender registry requirements, not a downward deviation in sentencing, the code section at issue – OCGA § 17-10-6.2 (c) (1) (C) – is the same. 300 Ga. at 319 (1).

*Evans* instructive, explaining that in *Evans*, the Court found that "relevant similar transaction" in the sentencing context means "an independent but similar sexual offense that shows the defendant to be a repeat sexual offender, whether or not that independent offense is charged in the same indictment, charged in a separate indictment, or uncharged." *Yelverton*, 300 Ga. at 318. The Court concluded it is incumbent upon the sentencing court faced with the question of whether there exists a relevant similar transaction for purposes of OCGA § 17-10-6.2, to make that determination for itself, and that court is not bound by a previous court's determination that evidence of a similar transaction or independent act should be admitted at trial. Id. at 319-20.

The holdings in *Evans* and *Yelverton* are likewise instructive to the issues raised in this appeal. First, we find no merit to the State's contention that McCauley's previous acts of viewing pornography on the KIK app should have been treated as relevant similar transactions so as to divest the trial court of its discretion to downwardly deviate from the mandatory minimum sentence. The State presented scant evidence about McCauley's previous conduct other than to show when he first started using the KIK App to view child pornography, and the trial court gave sound reasons why it rejected the State's assertion and refused to treat this earlier conduct

7

as a separate sexual offense and McCauley as a repeat offender. These findings were in accord with how our Supreme Court has construed OCGA § 17-10-6.2 (c), and we find no error in the trial court's refusal to accept the State's characterization of the evidence.

Citing *Evans*, the State alternatively argues for the first time on appeal that each count of sexual exploitation set out in the indictment should be treated as a relevant similar transaction to the other counts for purposes of OCGA § 17-10-6.2 (c) (1) (C). However, while *Evans* held that in some circumstances such evidence may be treated by the sentencing court as a relevant similar transaction under OCGA § 17-10-6.2 (c) (1) (C), as explained above, the Court did not set out a hard and fast rule about how to treat such multi-count indictments. Further, it is clear from *Yelverton*, 300 Ga. at 319-320, in which the Court remanded the case for the lower court to find whether evidence admitted at trial as a similar transaction constituted a relevant similar transaction for purposes of OCGA § 17-10-6.2 (c) (1) (C), that generally it is for the sentencing court to make this determination in the first instance. Here the State did not raise this argument below,[3] and the trial court did not make any findings

---

[3] We note that, generally, a sentence that is void may be vacated at any time and a challenge to such a sentence is not waived. *Brown v. State*, 345 Ga. App. 622, 623 (814 SE2d 738) (2018). But see *Dixon v. State*, 392 Ga. 691 (808 SE2d 696)

concerning this contention in its order setting out the reasons in support of the downward deviation in sentencing. Accordingly, this case must be remanded to the sentencing court for consideration of this issue in the first instance.

*Judgment affirmed and case remanded with direction. McFadden, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

(2017) (holding that in the context of merger, when a sentencing error benefits a defendant and the State fails to raise it by cross-appeal, the court will only exercise its discretion to correct the void sentence in exceptional circumstances). "[A] sentence is void if it imposes punishment the law does not allow." *New v. State*, 327 Ga. App. 87, 106 (5) (755 SE2d 568) (2014). Accordingly, a sentence that improperly deviates from the mandatory sentencing requirements of OCGA § 17-10-6.2 (b) is void. See *Brown*, 345 Ga. App. at 623.