**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

July 14, 2014

# In the Court of Appeals of Georgia

A14A0692. CLARK v. THE STATE.

ELLINGTON, Presiding Judge.

In March 2012, Kirvin Clark pled guilty to one count of child molestation in the Superior Court of Meriwether County, and the trial court sentenced him to twenty years to serve in prison. Six months later, Clark filed a motion to correct an illegal and/or void sentence, contending, inter alia, that his sentence violated OCGA §§ 16-6-4 (b) (1) and 17-10-6.2 (b).[1] The trial court denied the motion based upon its conclusion that the sentence was not illegal or void because it fell within the sentence

---

[1] "[W]here a sentence is void, the court may resentence the defendant at any time. A sentence is void if the court imposes punishment that the law does not allow." (Citation and punctuation omitted.) _Marshall v. State_, 294 Ga. App. 282, 282-283 (668 SE2d 892) (2008).

allowable under OCGA § 16-6-4 (b) (1). Clark appeals, and, for the reasons explained below, we vacate his sentence and remand this case to the trial court for resentencing.

1. Clark contends that the trial court erred in concluding that his sentence was not illegal or void under OCGA §§ 16-6-4 (b) (1) and 17-10-6.2 (b).[2] We agree.

Under OCGA § 16-6-4 (b) (1), "a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.2 and 17-10-7[,[3]]" except in circumstances not applicable to this case. OCGA § 17-10-6.2 (b) provides, in relevant part, as follows:

> Except as provided in subsection (c) of this Code section,[[4]] and notwithstanding any other provisions of law to the contrary, any person

---

[2] "[T]he interpretation of a statute is a question of law, which is reviewed de novo on appeal. Because the trial court's ruling on a legal question is not due any deference, we apply the plain legal error standard of review." (Citation and punctuation omitted.) *State v. Hammonds*, 325 Ga. App. 815 (755 SE2d 214) (2014).

[3] OCGA § 17-10-7, which governs the punishment of repeat offenders, does not apply in this case.

[4] See Division 3, infra, regarding OCGA § 17-10-6.2 (c).

convicted of a sexual offense[5] *shall be sentenced to a split sentence*[6] which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence *shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year*.

(Emphasis supplied.)

We find that the statute's express requirement that the trial court issue a "split sentence" that includes the minimum term of imprisonment and at least one year of

---

[5] Under OCGA § 17-10-6.2 (a) (5), the term "sexual offense" includes a conviction for child molestation under OCGA § 16-6-4 (a).

[6] Although OCGA § 17-10-6.2 (b) does not expressly define the term "split sentence," its meaning is clear when read in context with the entire provision. See *Anderson v. Little & Davenport Funeral Home*, 242 Ga. 751, 752 (1) (251 SE2d 250) (1978) ("It is a general principle of statutory law that a statute must be definite and certain in its provisions to be valid, and when it is so vague and indefinite that men of common intelligence must necessarily guess at its meaning and differ as to its application, it violates the first essential of due process of law. [However, even if] a statute does not undertake to define each of the words contained therein, this will not automatically render the statute vague, indefinite or uncertain in meaning since[ ] [t]he ordinary signification shall be applied to all words, except words of art, or words connected with a particular trade or subject matter[.]") (citations and punctuation omitted); see also *State v. Hammonds*, 325 Ga. App. at 817 ("[I]t is an elementary rule of statutory construction that, absent clear evidence to the contrary, words should be assigned their ordinary, logical, and common meaning.") (citation and punctuation omitted).

probation is plain and unambiguous. As a result, the trial court was not authorized to construe the statute so as to allow the 20-year sentence imposed herein. See *Inagawa v. Fayette County*, 291 Ga. 715, 718 (2) (732 SE2d 421) (2012) (When a statutory provision is clear and susceptible of only one meaning, "judicial construction is both unnecessary and unauthorized.") (citations and punctuation omitted); *Evans v. Employees' Retirement System of Ga.*, 264 Ga. 729, 731 (1) (450 SE2d 195) (1994) ("[T]he use of plain and unequivocal language in a legislative enactment obviates any necessity for judicial construction.") (citation and punctuation omitted).

Further, even if judicial construction of this statute had been authorized, it is axiomatic that courts must strictly interpret penal statutes against the State and, more importantly, that courts are prohibited from interpreting a statute in a manner that renders some of the language superfluous, ineffectual, or meaningless. *State v. Hammonds*, 325 Ga. App. 815, 818 (755 SE2d 214) (2014); see *Jackson v. State*, 299 Ga. App. 356, 357, 360 (4) (683 SE2d 60) (2009) (Courts must "give each part of the statute meaning and avoid constructions that make some language mere surplusage. All parts of a statute should be harmonized and given sensible and intelligent effect, because it is not presumed that the legislature intended to enact meaningless language.") (citation and punctuation omitted). Thus, an interpretation that would

4

allow a court to sentence a defendant to twenty years of imprisonment without probation for a first child molestation conviction would necessarily – and improperly – render the statute's requirement of a "split sentence" meaningless.

Accordingly, because OCGA § 17-10-6.2 (b) expressly provides that a sentence for a first conviction for child molestation must be a "split sentence" that includes at least the mandatory minimum of five years of imprisonment[7] and at least one year of probation, we must conclude that Clark's twenty-year sentence of imprisonment is void. It follows that the trial court erred in denying his motion to correct a void sentence. This case is remanded to the trial court for resentencing.

2. Clark contends that OCGA § 17-10-6.2 (b) required the trial court to sentence him to the minimum period of incarceration, i.e., five years under OCGA § 16-6-4 (b) (1), followed by at least one year of probation. However, this Court has resolved this issue adversely to Clark in *Bowen v. State*, 307 Ga. App. 204, 205 (2) (704 SE2d 436) (2010), in which we ruled that OCGA § 17-10-6.2 (b) "mandates a split sentence for sexual offenders that includes *at least* the minimum term of imprisonment." (Emphasis in original.) Thus, the statute authorizes the trial court to

_____

[7] See Division 2, infra.

issue a split sentence that includes at least five years of imprisonment and at least one year of probation, for a total of no more than twenty years.

3. Clark also contends that the trial court erred in not considering whether he was eligible for a deviation from the minimum term of imprisonment, pursuant to subsection (c) (1) of OCGA § 17-10-6.2.[8]

---

[8] That subsection provides, in relevant part, as follows:

In the court's discretion, the court may deviate from the mandatory minimum sentence as set forth in subsection (b) of this Code section, or any portion thereof, when the prosecuting attorney and the defendant have agreed to a sentence that is below such mandatory minimum or provided that:

(A) The defendant has no prior conviction of an offense prohibited by Chapter 6 of Title 16 or Part 2 of Article 3 of Chapter 12 of Title 16, nor a prior conviction for any offense under federal law or the laws of another state or territory of the United States which consists of the same or similar elements of [those] offenses[;]

(B) The defendant did not use a deadly weapon or any object, device, or instrument which when used offensively against a person would be likely to or actually did result in serious bodily injury during the commission of the offense;

The State charged Clark with committing child molestation by "touching and rubbing [the victim's] butt[.]" During the guilty plea hearing, the only relevant fact proffered by the State to support this specific charge was that the victim reported that the defendant "touched her on the butt" while they were at a Meriwether County "drug house." Although Clark had driven the victim and two of her siblings from Union City to Meriwether County that evening, Clark did not commit the charged offense until later, while they were at the drug house. Therefore, the offense *itself* did not involve any transportation of the victim or any of the other factors listed in OCGA

> (C) The court has not found evidence of a relevant similar transaction;
>
> (D) The victim did not suffer any intentional physical harm during the commission of the offense;
>
> (E) The offense did not involve the transportation of the victim; and
>
> (F) The victim was not physically restrained during the commission of the offense.

OCGA § 17-10-6.2 (c) (1). See also OCGA § 17-10-6.2 (c) (2) ("If the court deviates in sentencing pursuant to [OCGA § 17-10-6.2 (c) (1)], the judge shall issue a written order setting forth the judge's reasons. Any such order shall be appealable by the defendant pursuant to Code Section 5-6-34, or by the State of Georgia pursuant to Code Section 5-7-1, unless the sentence imposed was pursuant to an agreement by the prosecuting attorney and the defendant.").

§ 17-10-6.2 (c) (1) that would prohibit the trial court from sentencing Clark under that subsection. See generally *Hedden v. State*, 288 Ga. 871, 873-876 (708 SE2d 287) (2011).

Further, the hearing transcript shows that the trial court appeared to believe that it had no discretion to sentence Clark to anything less than 20 years of imprisonment. Neither the defense counsel nor the prosecutor informed the trial court that it had the option of using its discretion to sentence Clark under OCGA § 17-10-6.2 (c), and the court did not make any findings regarding, or even refer to, that provision during the guilty plea hearing or in its order denying Clark's motion to vacate his sentence.

Thus, based upon the record before us, we conclude that the trial court failed to exercise its discretion to consider whether to deviate from the mandatory minimum sentence, pursuant to OCGA § 17-10-6.2 (c) (1), when sentencing Clark. See *Tindell v. State*, 314 Ga. App. 91, 91-92 (722 SE2d 921) (2012) (The defendant entered a negotiated guilty plea with a recommended sentence of fifteen years, five to serve, and the trial court sentenced him accordingly, while concluding that it had no discretion under OCGA § 17-10-6.2 (c) (1) to sentence him to less than the mandatory minimum sentence for the offense. This Court found that the trial court had erroneously failed to exercise its discretion under that statute, and it vacated the

8

sentence and remanded the case for resentencing.); see also *Holland v. State*, 310 Ga. App. 623, 629-630 (5) (714 SE2d 126) (2011). Consequently, this error provides an independent basis for vacating Clark's sentence and remanding this case for resentencing. *Tindell v. State*, 314 Ga. App. at 92. Although, upon remand, the trial court may decide not to sentence Clark to less than the mandatory minimum sentence under OCGA § 17-10-6.2 (c) (1), "let the exercise of the trial court's discretion in the imposition of [its] sentence be cast upon the record." *Bradshaw v. State*, 237 Ga. App. 627, 630 (2) (516 SE2d 333) (1999) (This Court vacated the defendant's sentence and remanded the case after finding that the trial court had erroneously concluded that it had no discretion in sentencing the defendant.). See also *Hedden v. State*, 288 Ga. at 873-876 (The Supreme Court vacated the defendant's sentence and remanded the case after finding that the trial court had erroneously concluded that it had no discretion, under OCGA § 17-10-6.2 (c), to deviate from the mandatory minimum sentencing provisions set forth in OCGA § 17-10-6.2 (b).); *Haynes v. State*, 317 Ga. App. 400, 402 (3) (731 SE2d 83) (2012) (accord); *Hatcher v. State*, 314 Ga. App. 836, 839 (2) (726 SE2d 117) (2012) (accord).

4. Given our rulings in the preceding divisions, Clark's remaining alleged error is moot.

*Sentence vacated, and case remanded for resentencing. Phipps, C. J., concurs.*

*McMillian, J., concurs in Divisions 1, 2, and 4, and in the judgment.*