**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 29, 2015**

# In the Court of Appeals of Georgia

A15A1236. SPARGO v. THE STATE.                    JE-043C

ELLINGTON, Presiding Judge.

In 2008, Lonnie Spargo entered a negotiated plea of guilty to two counts of child molestation. The Superior Court of Baker County sentenced Spargo to serve 20 years' imprisonment, consecutively, as to each count. On December 15, 2014, Spargo filed in the sentencing court a "motion to vacate void sentence," alleging that OCGA § 17-10-6 (b) requires that a person convicted of a sexual offense must receive a split sentence with at least one year of probation. The trial court denied Spargo's motion, and he appeals. Because binding precedent from this Court supports Spargo's argument, as the State concedes, we vacate Spargo's sentence and remand for resentencing.

"[A] sentencing court retains jurisdiction to correct a void sentence at any time." (Citations and punctuation omitted.) *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010).[1] See OCGA § 17-9-4 ("The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."). "[T]he only ground for authorizing a trial court to correct a sentence at any time is that the sentence is void. A sentence is void if the court imposes punishment that the law does not allow." (Citations and punctuation

---

[1] We are mindful that "[a] claim challenging a conviction and a claim challenging the resulting sentence as void are not the same." (Footnote omitted.) *State v. Green*, 308 Ga. App. 33, 34-35 (1) (706 SE2d 720) (2011). See *Harper v. State*, 286 Ga. 216, 217-218 (1) (686 SE2d 786) (2009) (Under Georgia law, a petition to vacate a judgment of conviction in a criminal case is not an authorized remedy, but a petition to modify a sentence on the ground that it is void is permitted. Georgia law recognizes three mechanisms for challenging a conviction after it has been affirmed on direct appeal: a criminal defendant may file in the sentencing court an extraordinary motion for new trial pursuant to OCGA § 5-5-41, provided the defendant did not plead guilty; may file in the sentencing court a motion in arrest of judgment pursuant to OCGA § 17-9-61, provided that the defendant files the motion during the term of court at which the judgment was entered; or may file in the county in which the defendant is incarcerated a petition for habeas corpus pursuant to OCGA §§ 9-14-40 through 9-14-53.) (citation omitted); *Jones v. State*, 322 Ga. App. 269, 270-272 (1) (745 SE2d 1) (2013) (accord). Here, Spargo challenges only the *sentences* imposed; he did not seek relief from the *convictions* themselves.

omitted.) *Rooney v. State*, 287 Ga. at 2 (2).[2] "When the sentence imposed falls within the statutory range of punishment, [however,] the sentence is not void[.]" (Citation omitted.) *Jones v. State*, 278 Ga. 669, 670 (1) (604 SE2d 483) (2004).[3]

---

[2] *Rooney v. State*, 287 Ga. at 2 (2) (A claim that a sentence is void because it is unlawfully consecutive may be made by means of a motion to vacate void sentence.); *Howard v. State*, 281 Ga. App. 797, 803-804 (5) (637 SE2d 448) (2006) (A sentence is void if it imposes a period of confinement greater than the statutory maximum for the offense.); *Barraco v. State*, 252 Ga. App. 25 (555 SE2d 244) (2001) (A sentence is void if it imposes a fine greater than the statutory maximum for the offense.); *Sledge v. State*, 245 Ga. App. 488 (537 SE2d 753) (2000) (A sentence is void if it imposes punishment for both a greater offense and a lesser included offense for the same act.).

Cf. *Simpson v. State*, 292 Ga. 764, 765 (740 SE2d 124) (2013) (A motion to vacate a judgment on the basis that certain offenses merged as a matter of fact with certain other offenses was a motion attacking the convictions themselves as void, not one merely claiming that the sentences were void.); *Harper v. State*, 286 Ga. at 217-218 (1) (A motion to vacate void judgment on the basis that the judgment was imposed by a court that was not the proper venue for the prosecution was a challenge to the defendant's conviction, not his sentence.); *Jones v. State*, 322 Ga. App. at 270-272 (1) (A claim that a judgment is void on the basis that the defendant was without counsel during the probation revocation proceedings that resulted in the sentence of imprisonment was a challenge to the defendant's conviction, not his sentence.); *State v. Green*, 308 Ga. App. at 34-35 (1) (706 SE2d 720) (2011) (A claim that a judgment imposed punishment for conduct that was no longer criminal was a challenge to the defendant's conviction, not his sentence.).

[3] See *Williams v. State*, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999) ("[T]he denial of a petition to correct a sentence on the ground that the original sentence was void is appealable as a matter of right.").

3

In *Clark v. State*, 328 Ga. App. 268 (761 SE2d 826) (2014), we considered the limitations imposed by OCGA § 17-10-6.2 (b)[4] on punishments authorized by law for sexual offenses and found that the statute "express[ly]" and "unambiguous[ly]" requires "that the trial court issue a 'split sentence' that includes the minimum term of imprisonment and at least one year of probation[.]" *Clark v. State*, 328 Ga. App. at 269 (1). Thus, for a first conviction for child molestation, a trial court must impose a "split sentence" that includes "at least five years of imprisonment and at least one year of probation, for a total of no more than twenty years." Id. at 270 (2). As a result, we held that a sentence for a first child molestation conviction of twenty years to serve in prison without probation was void. Id. at 270 (1).

---

[4] OCGA § 17-10-6.2 (b) provides in relevant part:
Except as provided in subsection (c) of this Code section, and notwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year.

Because the trial court in this case sentenced Spargo on each count of child molestation to twenty years imprisonment, the sentences are void. Id. His sentences are therefore vacated, and this case is remanded for resentencing.

*Judgment vacated and case remanded. Dillard and McFadden, JJ., concur.*