**WHOLE COURT**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 13, 2015**

# In the Court of Appeals of Georgia

A15A0369. AVILA v. THE STATE

RAY, Judge.

On November 6, 2013, Kark Avila was indicted in Harris County Superior Court on one count of statutory rape and one count of aggravated child molestation. On June 18, 2014, Avila pled guilty to one count of the lesser included offense of child molestation.[1] The trial court, after finding that it was not permitted to deviate from the mandatory minimum sentencing provisions pursuant to OCGA § 17-10-6.2 (c), sentenced Avila to ten years, to serve five in prison and the balance on probation. In his sole enumeration of error, Avila argues that the trial court erred in finding that it was not authorized to deviate from the mandatory minimum sentence because the offense "involve[d] the transportation of the victim." See OCGA § 17-10-6.2 (c) (1)

---

[1] The State agreed to nolle prosse the statutory rape charge.

(E). For the reasons explained below, we believe the trial court correctly determined that it did not have discretion under O.C.G.A § 17-10-6.2(c) to deviate from the mandatory minimum sentence;[2] thus, the sentence that the trial court imposed is affirmed.

As this issue turns on the proper interpretation of OCGA § 17-10-6.2, it "is a question of law, which is reviewed de novo on appeal." (Citation and punctuation omitted.) *Jenkins v. State*, 284 Ga. 642, 645 (2) (670 SE2d 425) (2008). The sentencing in this case is controlled by several statutory provisions. Pursuant to OCGA § 16-6-4 (b) (1), "a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years and shall be subject to the sentencing and punishment provisions of [OCGA §§] 17-10-6.2 and 17-10-7."[3] And OCGA § 17-10-6.2 (b) provides that,

---

[2] In taking the position that the trial court was required to sentence the Appellant to no less than the mandatory minimum prescribed by the statute, we do not intend to imply that trial judges should not have maximum discretion in fashioning sentencing to respond appropriately to the facts of the case. Indeed, we recognize that trial judges welcome such discretion and feel that it serves to promote justice.

[3] OCGA § 17-10-7 governs the punishment of repeat offenders and is not applicable here.

[e]xcept as provided in subsection (c) . . . any person convicted of a sexual offense[4] shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year.

Subsection (c) of that statute grants the trial court discretion to deviate from the mandatory minimum sentence, provided that six conditions are met, including that "[t]he offense did not involve the transportation of the victim." OCGA § 17-10-6.2 (c) (1) (E). For purposes of the statute, the term "offense" refers to ten sexual offenses, including "child molestation, as defined in subsection (a) of Code Section 16-6-4, unless subject to the provisions of paragraph (2) of subsection (b) of Code Section 16-6-4." OCGA § 17-10-6.2 (a) (5).

At the guilty plea hearing in this case, the State proffered evidence that Avila met the victim, E. S., through a dating website. After chatting online for a period of time, they agreed to meet in person on April 17, 2012. At that time, Avila was 22

---

[4] The term "sexual offense" is defined in OCGA § 17-10-6.2 (a).

years old, and E. S. was either 14 or 15 years old.[5] Per their agreement, Avila waited until her parents were asleep and then picked E. S. up at 2:00 a.m. at the front of her neighborhood. He drove her to a church parking lot down the road where E. S. performed oral sex on him. He then performed oral sex on her before engaging in sexual intercourse. Afterwards, Avila returned E. S. to the entrance of her neighborhood. At the time of his arrest, Avila admitted to engaging in the sexual acts with E. S.

Pertinent to this case, the trial court must find that "[t]he offense did not involve the transportation of the victim[.]" O.C.G.A § 17-10-6.2(c)(1)(E). Here, it is undisputed that the Appellant picked up the victim in his automobile from the front of her subdivision, transported her to a church parking lot, engaged in sex acts with the victim, and then transported her back to the subdivision. Thus, that the Appellant

---

[5] Defense counsel stated at the hearing that E. S. was 15 years old, but during a voluntary psychosexual evaluation, Avila admitted that E. S. told him she was 14 years old. Either way, it is undisputed that E. S. was under the age of consent. See OCGA § 16-6-3. Therefore, any attempt by Avila to portray E. S. as a "consensual" participant who "orchestrated the entire sequence of events leading to [their] meeting" is entirely misplaced. And certainly the repeated interjection of the victim's prior sexual experiences is inappropriate and irrelevant as a matter of law. See OCGA § 24-4-412.

transported the victim to a location for purposes of committing the crime for which he stands convicted is clear.

At the hearing and on appeal, the State argued that the trial court is not allowed to deviate from the mandatory minimum sentencing because Avila transported E. S. from her neighborhood to the parking lot where he committed the offense of child molestation, and thus, does not satisfy the requirement of OCGA § 17-10-6.2 (c) (1) (E).[6] The trial court agreed, finding that "involve" is a broad word and that the offense involved the transportation of the victim. In reaching its decision, the trial court made the following statement:

> I believe that the statutory language is clear. I believe that on its face it bars me from reaching the deviation that you have urged from the Court. I'm not saying I'm not sympathetic to your argument, but I do believe that the language is clear and that I must give way to what the legislature has said in this case. So I'm going to let the sentence of the Court be the mandatory minimum. It is going to be 10 years with 5 to be served. And I believe that is what the law directs that I do.

Avila's interpretation of this statute is that the trial court can deviate from the mandatory minimum sentence so long as the child molestation offense did not occur

---

[6] None of the other factors set forth in OCGA § 17-10-6.2 (c) (1) are at issue in this case.

during the transportation of the victim, i.e. that the crime was committed while the defendant was transporting the victim, or so long as the offense itself did not include transportation as an element of the offense. Since neither was the case here, Avila argues, then the trial court was entitled to deviate from the mandatory minimum set by the legislature. We disagree. Such an interpretation would render the transportation provision essentially meaningless. Of the offenses involved in this statute, only the offense of enticing a child for indecent purposes would ever have transportation as an element of the offense and then only in some cases.[7] Had the General Assembly intended to limit the transportation factor merely to that offense, it could have easily done so.[8]

Also, it seems silly to argue, as Avila has essentially posited, that the General Assembly intended to punish more severely any of the 10 offenses included herein

---

[7] O.C.G.A. § 16-6-5(a): "A person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or *takes* any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts."

[8] O.C.G.A. § 17-10-6.2(a) defines a sexual offense which is subject to mandatory minimums to include aggravated assault with intent to rape, false imprisonment, sodomy, statutory rape, child molestation, enticing a child for indecent purposes, sexual assault against persons in custody, incest, a second or subsequent conviction for sexual battery, and sexual exploitation of children.

6

only if it was committed while a victim was in transit. We find that the aggravating factor which limits the trial court's discretion to deviate from the mandatory minimum sentence is the transportation itself, as it removes the victim from an area wherein the crime may have more easily been detected or where the victim could have more easily escaped.

In addition, the wording used by the General Assembly in this sub-section of the statute is instructive. For example, also disqualifying a defendant from the possibility of a lesser sentence is if the victim suffered intentional physical harm or was physically restrained, either of which occurred "during the commission of the offense." O.C.G.A. § 17-10-6.2(c)(1)(D) and (F). Thus, it is clear that the legislature knew how to specify that the disqualifying event must occur while the crime was in process, rather than before crime was attempted or after the crime was complete. Yet, the statute does not similarly require that the transportation of the victim occur "during the commission of the offense" so as to limit the trial court's sentencing discretion, only that the offense "involve" transportation of the victim. Certainly, the offense here did "involve" transportation.

In support of his argument, Avila relies on the case of *Clark v. State*, 328 Ga. App. 268 (761 SE2d 826)(2014), to buttress his position that transportation which is

incidental to the offense would not disqualify a trial court from exercising discretion to deviate from the mandatory minimum sentence. In *Clark*, a separate panel of this Court reversed and remanded for reconsideration the sentence of a defendant who was convicted of child molestation when he committed the offense after he drove the victim earlier in the evening from one town to another to visit a "drug house." As Avila has acknowledged, however, *Clark* is physical precedent only.[9] Moreover, it is distinguishable in that there did not appear to be evidence in *Clark*, as there is here, that the defendant drove the victim to the location for the express purpose of committing the act of child molestation. In the current case we entertain in this appeal, it is undisputed that the illegal sexual acts were the purpose of Avila's transportation of the victim.

In sum, we believe that the trial court's decision as to its sentencing requirements was correct.

*Judgment affirmed. Doyle, C. J., Andrews P. J., and Boggs, J., concur. Barnes P. J., Phipps, P. J. and McMillian, J., dissent.*

---

[9] In *Clark*, one judge joined in judgment only to the division of the opinion regarding the type of the transportation which would limit a trial court's discretion to deviate from the mandatory minimum sentence. Thus, the holding therein is persuasive authority only.

A15A0369. AVILA v. THE STATE.

MCMILLIAN, Judge, dissenting.

Because I believe that the trial court erred in determining that it did not have discretion to deviate from the minimum sentencing requirements of OCGA § 17-10-6.2 (b), I must respectfully dissent.

In construing a set of statutory provisions, "we look at its terms, giving words their plain and ordinary meaning, and where the plain language of a statute is clear and susceptible of only one reasonable construction, we must construe the statute according to its terms." (Citation and punctuation omitted.) *Mahalo Investments III, LLC v. First Citizens Bank & Trust Co.*, 330 Ga. App. 737, 738 (769 SE2d 154) (2015). Moreover, "in construing language in any one part of a statute, a court should consider the entire scheme of the statute and attempt to gather the legislative intent from the statute as a whole." (Citation omitted.) *Tew v. State*, 320 Ga. App. 127, 129 (739 SE2d 423) (2013).

In construing the language of OCGA § 17-10-6.2 (c) (1) (E), Avila maintains that the question is not whether transportation of E. S. occurred "incidentally to the offense" or at some point prior to the commission of the offense, but rather whether in proving the elements of the offense, the transportation of E. S. was involved.[1] After applying the ordinary rules of statutory construction, I cannot say that Avila's interpretation of OCGA § 17-10-6.2 (c) (1) (E) is unreasonable. The statute defines the term "offense" to include child molestation as set out in OCGA § 16-6-4, suggesting that the elements of the crime of child molestation should be the focus of whether the offense involved transportation. And a definition of "involve" is "[t]o have as a necessary feature or consequence; entail." The American Heritage Dictionary, New College Edition (1991). Here, it is undisputed that the act of child molestation took place after the victim was transported to the location and the transportation was not necessary to complete the crime.

On the other hand, as asserted by the State, the statute does not specifically limit the inquiry to whether the elements of the crime involved transportation.

---

[1] And here, he argues, the child molestation offense itself did not involve the transportation of the victim, positing that such transportation may be more frequently involved in the offenses of enticing a child for indecent purposes (OCGA § 16-6-5) or false imprisonment (OCGA § 16-5-41), both of which are defined as sexual offenses under particular circumstances. See OCGA § 17-10-6.2 (a) (2) and (6).

2

Moreover, I note that a broader definition of the term "involve" is "[t]o contain or include as a part," The American Heritage Dictionary, New College Edition (1991), and, certainly, part of the factual basis underlying the offense was meeting up with and transporting the victim to the location where the crime was more readily committed. Thus, I also find that after applying the ordinary rules of statutory construction, the State's interpretation of OCGA § 17-10-6.2 (c) (1) (E) is likewise reasonable.[2]

It is a long-standing principle under Georgia law that "criminal statutes must be strictly construed against the [S]tate and liberally in favor of human liberty. *Matthews v. Everett*, 201 Ga. 730 (41 SE2d 148) (1947). And if a statute increasing a penalty is capable of two constructions, it should be construed so as to operate in favor of life and liberty." *Knight v. State*, 243 Ga. 770, 775 (2) (257 SE2d 182) (1979). See also *Hedden v. State*, 288 Ga. 871, 875-876 (708 SE2d 287) (2011) (strictly construing the language of OCGA § 17-10-6.2 (c) (1) (F) against the State).

Although the majority finds Avila's interpretation to be "silly," I believe that OCGA § 17-10-6.2 (c) (1) (E) may also reasonably be interpreted to preclude a

---

[2] I, however, find no basis in the text to support the State's argument that we should adopt a *Garza*-like asportation test to determine whether the offense involved transportation. See *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008).

3

deviation from the mandatory minimum only when proving the elements of the offense involve the transportation of the victim. Therefore, this Court is bound to liberally interpret this statute in favor of human liberty. See *Jenkins v. State*, 284 Ga. 642, 645 (2) (670 SE2d 425) (2008) ("A criminal statute must be construed strictly against criminal liability and, if it is susceptible to more than one reasonable interpretation, the interpretation most favorable to the party facing criminal liability must be adopted.") (citation and punctuation omitted).

And while I am wholly unpersuaded by Avila's argument that his transportation of E. S. from the relative safety of her neighborhood to an empty parking lot did not "do anything to make the offense more egregious," I would leave it to the General Assembly to clarify its intention if indeed OCGA § 17-10-6.2 (c) (1) (E) was meant to encompass an offense such as the one committed here, in which the victim was transported to a more remote location in order for the offense of child molestation to be more easily committed without detection.

Accordingly, I believe that this matter should be remanded to the trial court so that it may exercise its discretion to deviate from the minimum sentencing requirements of OCGA § 17-10-6.2 (b).[3]

I am authorized to state that Presiding Judge Barnes and Presiding Judge Phipps join in this dissent.

---

[3] The trial court certainly may have, upon remand, ultimately decided not to sentence Avila to less than the mandatory minimum sentence, given the facts of this case. However, this Court ought to "let the exercise of the trial court's discretion in the imposition of [its] sentence be cast upon the record." *Bradshaw v. State*, 237 Ga. App. 627, 630 (2) (516 SE2d 333) (1999).