# Court of Appeals
# of the State of Georgia

ATLANTA,   September 14, 2016   

*The Court of Appeals hereby passes the following order:*

## A17A0229.  ROBERT L. TWIGGS v. THE STATE.

Following a jury trial, Robert L. Twiggs was found guilty of aggravated child molestation, aggravated sexual battery, child molestation, rape, statutory rape, and incest.  He was sentenced to life imprisonment as to the aggravated child molestation, aggravated sexual battery, and rape counts, 20 years as to the child molestation and statutory rape counts, and 30 years as to the incest count.  He was ordered to serve 25 years in prison and the remainder of his sentence on probation.  The judgment indicated that he was sentenced pursuant to OCGA § 17-10-7 and OCGA § 17-10-6.1. We affirmed the denial of his motion for new trial on appeal.  *Twiggs v. State*, 315 Ga. App. 191 (726 SE2d 680) (2012).

Subsequently, Twiggs filed a motion to vacate void sentence, claiming that (1) he was improperly sentenced under OCGA § 17-10-7 because he did not have any prior felony convictions, and (2) he was improperly sentenced under OCGA § 17-10-6.1 (b) (2) because his victim was over 14 years old at the time of the offense, and therefore his mandatory minimum sentence should have been 10 years, not 25 years. The trial court denied the motion, but amended the judgment to reflect that Twiggs was not sentenced pursuant to OCGA § 17-10-7.  Twiggs has filed a direct appeal of the denial of his motion.  We lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence that falls within the statutory range of punishment is not void.  *Spargo v. State*, 332 Ga. App. 410, 411

(773 SE2d 35) (2015). Under OCGA § 17-10-6.1 (b) (1), a defendant convicted of kidnapping involving a victim who is 14 years of age or older faces a mandatory minimum term of imprisonment of 10 years. Under OCGA § 17-10-6.1 (b) (2), a defendant convicted of kidnapping involving a victim who is less than 14 years of age faces a mandatory minimum term of imprisonment of 25 years. Under OCGA § 17-10-6.1 (b) (2), a defendant convicted of rape, aggravated child molestation, or aggravated sexual battery faces a mandatory minimum term of imprisonment of 25 years, regardless of the victim's age.

Twiggs has not raised a colorable claim that his sentence is void. First, he was not convicted of kidnapping, and the age of his victim has no impact on the mandatory minimum sentence for his offenses of rape, aggravated child molestation, and aggravated sexual battery. Second, his sentence does not exceed the statutory range of punishment for any of his offenses. See OCGA §§ 16-6-1 (b), 16-6-3 (b), 16-6-4 (b) (1), (d) (1), 16-6-22 (b), 16-6-22.2 (c), 17-10-6.1 (b) (2); see also *Spargo*, supra at 411. Accordingly, Twiggs's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 09/14/2016

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen , *Clerk.*