**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 2, 2018**

# In the Court of Appeals of Georgia

 A17A2099. DANIELS v. THE STATE.

REESE, Judge.

In May 2016, Christopher Daniels entered a negotiated plea of guilty to ten counts of statutory rape and seven counts of child molestation.[1] The Superior Court of Gwinnett County sentenced Daniels to serve concurrent sentences of 15 years in confinement on each of the child molestation charges followed by concurrent sentences of 15 years of probation on each of the statutory rape charges. On May 8, 2017, Daniels filed in the sentencing court a "motion to vacate void sentence / motion to withdraw guilty plea as a matter of right / motion to reduce sentence and motion for hearing." The trial court denied Daniels's motion, and he appeals. For the reasons set forth, infra, we vacate Daniels's sentence and remand for resentencing.

---

[1] See OCGA §§ 16-6-3 (a); 16-6-4 (a).

Daniels argues that the trial court erred in failing to vacate his void sentence. The State concedes that the trial court erred in denying Daniels's motion and that remand for resentencing is appropriate.

Daniels was charged with seven counts of aggravated child molestation[2] (Counts 1, 3, 7, 8, 13, 15, and 17), but pled guilty on each of those charges to the lesser included offense of child molestation. Daniels was also charged with ten counts of statutory rape, eight of which were alleged to have taken place between June and September 2014, when Daniels was twenty years old, and the other two in October 2014 (Counts 16 and 18), after Daniels had turned twenty-one.[3]

As part of the negotiated plea deal, the State made an overall sentence recommendation of 30 years with the first 15 to be served in confinement. The court adopted the terms as negotiated, sentencing Daniels to concurrent sentences of 15 years of imprisonment on each of the child molestation charges followed by concurrent sentences of 15 years of probation on each of the statutory rape charges.

---

[2] See OCGA § 16-6-4 (c).

[3] The State dismissed an additional count, charging the crime of rape.

"A sentencing court retains jurisdiction to correct a void sentence at any time."[4] A void sentence is one that imposes punishment that the law does not allow.[5]

Here, the relevant law is OCGA § 17-10-6.2 (b) (2013),[6] which pertains to the sentence of a person convicted of a sexual offense and defines "sexual offense" as including child molestation if the offender is 19 years of age or older at the time of the crime, and statutory rape if the offender is 21 years of age or older.[7] OCGA § 17-10-6.2 (b) expressly and unambiguously requires the trial court to issue a "split sentence" for these offenses that includes the statutory minimum term of imprisonment plus at least one year of probation.[8]

> OCGA § 17-10-6.2 (b) requires a split sentence on each sexual offense and . . . under [OCGA] §§ 17-10-1 (a) (2) and 17-10-10 (a), the trial court may run a split sentence partially consecutive and partially

---

[4] *Spargo v. State*, 332 Ga. App. 410 (773 SE2d 35) (2015) (citing OCGA § 17-9-4) (additional citation and punctuation omitted).

[5] *Spargo*, 332 Ga. App. at 411.

[6] Subsection (b) was amended, effective July 1, 2017, in part to provide that "when a court imposes consecutive sentences for sexual offenses, the requirement that the court impose a probated sentence of at least one year shall only apply to the final consecutive sentence imposed." HB 341, Ga. L. 2017, § 5.

[7] See OCGA § 17-10-6.2 (a) (4), (5); see also OCGA § 16-6-4 (b) (2).

[8] *Clark v. State*, 328 Ga. App. 268, 269 (1) (761 SE2d 826) (2014).

concurrent to another sentence, such that the probationary component of a split sentence may be served concurrently with a period of confinement imposed by the sentence on another count.[9]

Although Daniels's sentences on each of the child molestation charges fall within the acceptable statutory range of punishment for the crimes,[10] the trial court failed to impose the split sentences required under OCGA § 17-10-6.2 (b), rendering the sentences illegal and void.[11]

Similarly, because Daniels was 21 years old when he committed two of the statutory rape offenses, the probation-only sentences on those charges were also void.[12] Under OCGA § 17-10-6.2 (b), "[n]o portion of the mandatory minimum sentence imposed shall be . . . probated[.]"

---

[9] *State v. Riggs*, 301 Ga. 63, 74 (2) (b) (799 SE2d 770) (2017).

[10] See OCGA § 16-6-4 (b) (1) ("[A] person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.2 and 17-10-7.").

[11] See *New v. State*, 327 Ga. App. 87, 106-108 (5) (755 SE2d 568) (2014); *Spargo*, 332 Ga. App. at 412; *Clark*, 328 Ga. App. at 270 (1).

[12] See *Thomas v. State*, 272 Ga. App. 279 (1) (612 SE2d 99) (2005).

4

Although the trial court has discretion to deviate from the mandatory minimum when the prosecuting attorney and the defendant have agreed to a sentence below the mandatory minimum,[13] the agreement in this case was for an overall sentence of 30 years with the first 15 years to be served in confinement. Further, even if the court intended to deviate from the statutory sentences, it did not issue a written order setting forth its reasons to deviate, as required by OCGA § 17-10-6.2 (c) (2).

Accordingly, we vacate Daniels's entire sentence[14] and remand this case to the trial court for resentencing in accordance with the provisions of OCGA § 17-10-6.2.

*Sentence vacated and case remanded for resentencing. Miller, P. J., and Doyle, P. J., concur.*

---

[13] OCGA § 17-10-6.2 (c) (1). The court may also deviate from the mandatory minimum provided that certain conditions are met, including that "[t]he court has not found evidence of a relevant similar transaction[.]" OCGA § 17-10-6.2 (c) (1) (C). The court did not set forth the required written findings, however, and the record indicates that Daniels was either on bond or on probation on a similar charge when he committed the offenses at issue here. Thus, this provision does not render Daniels's sentence valid.

[14] See *New*, 327 Ga. App. at 108-109 (5).