**SECOND DIVISION**
**MILLER, P. J.,**
**BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 11, 2019**

# In the Court of Appeals of Georgia

A18A1695. THE STATE v. YOHMAN.

MILLER, Presiding Judge.

Rebekah Jean Yohman pleaded guilty to numerous offenses stemming from a police chase, including felony fleeing and attempting to elude (OCGA § 40-6-395 (b) (5) (A)). The State appeals from Yohman's judgment of conviction, arguing that because Yohman has a prior felony conviction, she must be sentenced to the maximum term of imprisonment for the felony fleeing and attempting to elude charge pursuant to Georgia's recidivist punishment statute, OCGA § 17-10-7 (a). The Superior Court of Coweta County determined that, despite evidence that Yohman served a portion of her prior sentence in a county jail, the recidivist punishment statute did not apply because she had not "been confined in the prior case to a penal institution." We vacate Yohman's sentence for felony fleeing and attempting to elude

and remand for resentencing because we conclude that the trial court incorrectly determined that the recidivist punishment statute did not apply.

A Coweta County grand jury indicted Yohman for one count each of felony fleeing or attempting to elude a police officer (OCGA § 40-6-395 (b) (5) (A)) ("Count 1"), possession of a controlled substance (OCGA § 16-13-30 (a)), driving under the influence (less safe) (drugs) (OCGA § 40-6-391 (a) (2)), driving while license suspended (OCGA § 40-5-121 (a)), and possession of drug related objects (OCGA § 16-13-32.2). Thereafter, the State filed notice of its intent to seek recidivist punishment based upon Yohman's prior felony convictions for possession of methamphetamine and possession of Aprazolam. See OCGA § 17-16-4 (a) (5). The State argued that pursuant to the recidivist punishment statute, OCGA § 17-10-7(a), Yohman "must be sentenced to the maximum of the range of punishment for felony fleeing" and that "no portion may be suspended, probated, deferred, or withheld, and the charge shall not be served concurrently with any other offense." As a result, the State contended that Yohman "face[d] a minimum sentence . . . of 6 years to serve the first 5 years in incarceration."

Yohman ultimately elected to enter a non-negotiated guilty plea. During Yohman's guilty plea hearing, the State, Yohman's counsel, and the trial court

engaged in a lengthy discussion concerning whether OCGA § 17-10-7 (a) applied to Yohman's conviction for Count 1 (felony fleeing and attempting to elude).[1] Citing OCGA § 17-10-7 (a), OCGA § 40-6-395 (b) (5) (A), and OCGA § 40-6-395 (b) (5) (B), the State asked the trial court to sentence Yohman to a minimum term of imprisonment of five years. The State also admitted evidence of Yohman's prior felony convictions for which she received a sentence of "7 [years] with fifteen weekends to be served in confinement and the remainder to be served on probation. . . ." Yohman countered that the recidivist statute did not apply because Yohman "did not serve any time in custody – in confinement in a penal institution" for her prior conviction. The State responded that, even if Yohman's prior sentence "was straight probation, . . . it's still a felony [that] should be considered by the Court under [OCGA §] 17-10-7 (a)."[2] The trial court determined that there must have been "some confinement" on the prior felony in order for the recidivist punishment statute to apply, and concluded that "the recidivist statute is not applicable here[.]"[3] The trial

---

[1] Yohman's additional convictions and sentence are not at issue.

[2] See *Hernandez v. State*, 182 Ga. App. 797, 801 (4) (357 SE2d 131) (1987).

[3] Although not expressly stated, the trial court apparently reasoned that the recidivist statute would be triggered only if the defendant's prior felony conviction consisted *only* of a sentence of confinement as opposed to a split sentence of

3

court sentenced Yohman to "3 years to serve in the state correctional system[,]" and this appeal followed.

1. As a threshold matter, we are obligated to question our jurisdiction "in any case in which there may be a doubt about the existence of such jurisdiction." (Citation omitted.) *Sanders v. State*, 280 Ga. 780, 782 (1) (631 SE2d 344) (2006). Here, the State appealed directly from Yohman's judgment of conviction, arguing that the trial court imposed a sentence not allowed under Georgia law. OCGA § 5-7-1 (a) (6) authorizes the State to appeal from an order that "is . . . void under the Constitution or laws of this state." See also *State v. Jones*, 265 Ga. App. 493 (1) (594 SE2d 706) (2004). "A sentence is void if the court imposes punishment that the law does not allow." (Citation omitted.) *Spargo v. State*, 332 Ga. App. 410, 411 (773 SE2d 35) (2015). "When the sentence imposed falls within the statutory range of punishment, however, the sentence is not void." (Citation and punctuation omitted.) Id. See also *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). Accordingly, we must first determine whether Yohman's sentence constitutes a "void" judgment.

---

confinement and probation. As noted in footnote 8, infra, however, OCGA § 17-10-7 (a) does not contain a minimum term of confinement.

To that end, "[w]here the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly." (Footnote omitted.) *Chase v. State*, 285 Ga. 693, 695 (2) (681 SE2d 116) (2009). "In fact, where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." (Footnote and punctuation omitted.) Id. Relevant to this case, OCGA § 40-6-395 (a) states that "[i]t shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop." OCGA § 40-6-395 (b) further provides

> (5) (A) Any person violating the provisions of subsection (a) of this Code section who, while fleeing or attempting to elude a pursuing police vehicle or police officer:
>
> [...]
>
> (iii) Flees in traffic conditions which place the general public at risk of receiving serious injuries;
>
> [...]

5

shall be guilty of a felony punishable by a fine of $5,000.00 or imprisonment for not less than one year nor more than five years or both.

(B) Following adjudication of guilt or imposition of sentence for a violation of subparagraph (A) of this paragraph, the sentence *shall not* be suspended, probated, deferred, or withheld, and the charge shall not be reduced to a lesser offense, merged with any other offense, or served concurrently with any other offense. (Emphasis supplied.)

Georgia's recidivist punishment statute, OCGA § 17-10-7, states

Except as otherwise provided in subsection (b) or (b.1) of this Code section,[4] any person who, after having been convicted of a felony offense in this state . . . and sentenced to confinement in a penal institution,[5] commits a felony punishable by confinement in a penal institution *shall* be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his or her discretion, probate or suspend the maximum sentence prescribed for the offense.

---

[4] These subsections are not at issue in this case.

[5] "Penal institution" is not defined in Chapter 10 of Title 17. It is, however, defined elsewhere in the Code as "any place of confinement for persons accused of or convicted of violating a law of this state or an ordinance of a political subdivision of this state." OCGA § 42-1-5 (a) (3).

(Emphasis supplied.) OCGA § 17-10-7 (a).

Accordingly, when read together, application of these code sections first mandates that a defendant convicted of felony fleeing and attempting to elude under OCGA § 40-6-395 (b) (5) (A) *must* receive a sentence of "a fine of $5,000.00 or imprisonment for not less than one year nor more than five years or both." If the defendant has been previously convicted of a felony for which she was "sentenced to confinement in a penal institution," and the State has otherwise complied with the appropriate notice requirements to seek recidivist punishment, the defendant "*shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he or she stands convicted*" — in this case, imprisonment for five years. (Emphasis supplied.) OCGA § 17-10-7 (a). And OCGA § 40-6-395 (b) (5) (B), which expressly governs Yohman's conviction pursuant to OCGA § 40-6-395 (b) (5) (A), contains a limiting provision, requiring that Yohman's "sentence *shall not* be suspended, probated, deferred, or withheld, and the charge shall not be reduced to a lesser offense, merged with any other offense, or served concurrently with any other offense."[6] (Emphasis supplied.) The parties agree that,

_____

[6] Yohman's argument that OCGA § 17-10-7 (c) would be rendered "mere surplusage" by our reading of OCGA § 17-10-7 (a) is unavailing. In fact, the statutes address different classes of offenders and may be harmonized. OCGA § 17-10-7 (a)

7

regardless of its length, Yohman's sentence for felony fleeing and attempting to elude may not be "suspended, probated, deferred, or withheld" and may not be "served concurrently with any other offense." OCGA § 40-6-395 (b) (5) (B).

At Yohman's guilty plea hearing in this case, the State introduced evidence of Yohman's two felony convictions in February 2014 for possession of methamphetamine and possession of Alprazolam for which she received a sentence of "7 [years] with *fifteen weekends to be served in confinement* and the remainder to be served on probation.[7] . . ." (Emphasis supplied.) Thus, although Yohman's prior sentence included probation, she was also "sentenced to confinement in a penal institution" for purposes of the recidivist punishment statute. See OCGA § 17-71-7 (a). Of note, the recidivist punishment statute does not mandate that the defendant's entire sentence be served in confinement. As a result, under the foregoing sentencing

---

applies to defendants who have been convicted of a felony and who were "sentenced to confinement in a penal institution[,]" while OCGA § 17-10-7 (c) addresses defendants with three prior felony convictions, regardless of the sentence. Moreover, OCGA § 17-10-7 (a) allows the trial court to exercise discretion at sentencing concerning probating or suspending the defendant's sentence (except where, as here, a separate sentencing provision prevents the exercise of such discretion; see OCGA § 40-6-395 (b) (5) (B)), while OCGA § 17-10-7 (c) provides that a recidivist convicted of a fourth or subsequent felony "shall not be eligible for parole until the maximum sentence has been served."

[7] The evidence of Yohman's prior conviction was admitted without objection.

scheme, the trial court was required, by operation of law, to sentence Yohman to a five-year term of confinement on Count 1 (fleeing and attempting to elude), none of which may be suspended, probated, or served concurrently with any other sentence.[8] See OCGA §§ 17-10-7 (a), 40-6-395 (b) (5) (A) and (B). Accordingly, the trial court's sentence of three years to serve on Count 1 was not allowed as a matter of law, and Yohman's sentence on that conviction is void. Therefore, the State was authorized to appeal Yohman's sentence pursuant to OCGA § 5-7-1 (a) (6), and we have jurisdiction to consider the State's appeal.

2. In view of our discussion of Division 1, supra, we conclude that the trial court erred in sentencing Yohman to three years to serve on her conviction for felony fleeing and attempting to elude. Accordingly, Yohman's sentence on Count 1 (felony fleeing and attempting to elude) is vacated and this case is remanded for resentencing in a manner consistent with this opinion.

*Judgment vacated and case remanded. Brown and Goss, JJ., concur.*

---

[8] As we have noted, OCGA § 17-10-7 (a) does not contain a minimum sentence of confinement. Therefore, because the record demonstrates that Yohman was confined for at least a portion of her prior sentence, we need not decide whether Yohman was confined "in a penal institution" during the probationary portion of her sentence. See *Hernandez*, supra, 182 Ga. App. at 801 (4). Likewise, we need not consider whether a sentence of probation alone would satisfy the "confined in a penal institution" requirement of OCGA § 17-10-7 (a). Id.