**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 4, 2023**

# In the Court of Appeals of Georgia

A23A0853. THE STATE v. HILLSMAN.                    \

MILLER, Presiding Judge.

Demarco Hillsman pleaded guilty to armed robbery, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony, and the trial court imposed a 25-year sentence, with the first five years to be served in confinement and the remainder to be served on probation. The State appeals from the judgment and sentence, arguing that Hillsman's sentence for armed robbery is void because the trial court departed from the mandatory minimum sentence for that charge without its consent. Because we conclude that there was no agreement between Hillsman and the State on a departure from the mandatory minimum sentence for the armed robbery conviction, we vacate Hillsman's sentence for armed robbery, and we remand the case for resentencing.

According to the State's factual proffer, the charges in this case stemmed from a shooting incident in Fulton County. In February 2019, officers responded to the Star Grocery store and met with Victor Morales, a store clerk. Morales told the police that he was sitting in his office with the door open when Hillsman walked up to the checkout counter and placed some store items on the counter. Hillsman then "pushed into" the office, pointed a gun at Morales, and told him to "give up all the money." Morales attempted to disarm Hillsman, but Hillsman shot Morales in the arm, took approximately $400 from the cash register, and fled from the store.[1]

Hillsman was indicted for one count of armed robbery (OCGA § 16-8-41), one count of aggravated assault with a deadly weapon (OCGA § 16-5-21), one count of possession of a firearm during the commission of a felony (OCGA § 16-11-106), and one count of possession of a firearm by a first offender probationer (OCGA § 16-11-131 (b)), and he later entered a negotiated guilty plea.[2] At the plea hearing, the prosecutor conducted a plea colloquy with Hillsman, and she stated the recommended sentence as follows: "Count 1, armed robbery, 15 years to serve. Count 2, aggravated

---

[1] The incident was captured on surveillance video, and Hillsman's fingerprints were recovered from the items that he had placed on the counter.

[2] The possession of a firearm by a first offender probationer charge was dismissed in connection with the guilty plea.

2

assault, 15 years to serve, concurrent to Count 1. Count 3, possession of a firearm during the commission of a felony, 15 years suspended, consecutive to Count 1. Count 4 will be dismissed, or nolle prosed by the State." The trial court accepted Hillsman's guilty plea, and after the presentation of testimony and argument regarding Hillsman's background, the following transpired:

> [TRIAL COURT]: As to the count of armed robbery, the [c]ourt is going to deviate from the recommendation that's been negotiated, and you all can let me know afterwards, if Mr. Hillsman is going to continue to enter his plea of guilty. All right. As to armed robbery, my understanding is the minimum sentence is 10 years to life; correct?
>
> [PROSECUTOR]: Yes, Judge. Actually, Judge, no. For the armed robbery --
>
> [TRIAL COURT]: I thought I heard you -- I wrote down 10 to life.
>
> [PROSECUTOR]: No, Judge. [10] years, the maximum is death, Judge.
>
> [TRIAL COURT]: I thought I heard you say that, but I just didn't want to write that down. I thought that's what I heard you say.
>
> [PROSECUTOR]: Yes, Judge.

[TRIAL COURT]: I just didn't want to write that down. Okay. [10] to death; okay. I mean, so the sentence for armed robbery is going to be 10 years to serve [5], balance on probation. He's to get credit for time served. Aggravated assault with a deadly weapon, [10] to serve [5], with credit for time served, balance on probation. Count 3, 15 years consecutive, suspended. And then Count 4 is nolle prosed.

So Mr. Hillsman, are you still willing to enter your plea of guilty?

[HILLSMAN]: Yes, ma'am.

[TRIAL COURT]: Anything else, Ms. Robinson, Ms. Simmons?

[DEFENSE COUNSEL]: No, your Honor; nothing further from the defense.

The prosecutor did not respond to the trial court's solicitation for additional remarks, nor did she object in any way to the trial court's pronouncement of sentence.

Four days after the hearing, the State filed a motion to vacate sentence, arguing that Hillsman's sentence was void because the trial court departed from the mandatory minimum prison sentence for the armed robbery charge without its

4

consent. The trial court subsequently entered a judgment and sentence in accordance with the oral sentence that was pronounced at the hearing, and this appeal followed.[3]

In its sole enumeration of error, the State argues that Hillsman's sentence for armed robbery is void because the trial court departed from the mandatory minimum sentence for that charge without its consent. We agree and conclude that there was no agreement between Hillsman and the State on a departure from the mandatory minimum sentence for the armed robbery conviction, and thus Hillsman's sentence for that offense is void.[4]

"[A]s in all appeals involving the construction of statutes, our review is conducted under a de novo standard." (Citation omitted.) *Walker v. State*, 360 Ga. App. 211, 213 (1) (860 SE2d 868) (2021).

When interpreting a statute,

---

[3] It does not appear from the record that the trial court ruled on the State's motion.

[4] Because we conclude that Hillsman's sentence for armed robbery is void, we reject Hillsman's contention that the State could not appeal from his sentence and that we lack jurisdiction. See *State v. King*, 325 Ga. App. 445 (750 SE2d 756) (2013) (noting that the State is authorized to appeal from a void sentence under OCGA § 5-7-1 (a) (6) and that a sentence is void if the court imposes a punishment that the law does not allow).

we must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and seek to avoid a construction that makes some language mere surplusage. Further, when the language of a statute is plain and susceptible to only one natural and reasonable construction, courts must construe the statute accordingly.

(Citations and punctuation omitted.) *Mays v. State*, 345 Ga. App. 562, 564 (814 SE2d 418) (2018).

Under OCGA § 16-8-41 (b), a conviction for armed robbery carries a minimum prison sentence of 10 years. A person convicted of armed robbery under OCGA § 16-8-41 is also subject to the sentencing and punishment provisions in OCGA §§ 17-10-6.1 and 17-10-7. OCGA § 16-8-41 (d). Pertinently, OCGA § 17-10-6.1 (b) (1) states that a person who is convicted of armed robbery "shall be sentenced to a mandatory minimum term of imprisonment of ten years," and that "no portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court." As the State ultimately concedes, however, the statute contains an exception that allows the trial court to impose a sentence that is less than the mandatory minimum sentence. Specifically, OCGA § 17-10-6.1 (e) provides that "[i]n the court's discretion, the judge may depart from the mandatory

6

minimum sentence specified in this Code section for a person who is convicted of a serious violent felony[5] when the prosecuting attorney and the defendant have agreed to a sentence that is below such mandatory minimum."

Based on the record before us, it is clear that there was no agreement between the parties for Hillsman to receive a sentence that is less than the mandatory minimum sentence required for his armed robbery conviction. OCGA § 17-10-6.1 (e) explicitly requires an agreement between the State and the defendant before a trial court may impose a sentence that is less than the mandatory minimum sentence required for a serious violent felony conviction. Because the language of the statute is clear and unambiguous, we cannot construe the statute as permitting anything less than an express agreement between the State and a defendant before a trial court may depart from a mandatory minimum sentence. See *Mathis v. State*, 336 Ga. App. 257, 259 (784 SE2d 98) (2016) ("[W]e must presume that the General Assembly meant what it said and said what it meant. . . . Additionally, we must construe statutes to give sensible and intelligent effect to all of their provisions and to refrain from any interpretation which renders any part of the statutes meaningless.") (citation and punctuation omitted). Furthermore, although Hillsman is certainly correct that the

---

[5] OCGA § 17-10-6.1 (a) (2) lists armed robbery as a "serious violent felony."

7

prosecutor stood silent at the hearing below and did not put forth any argument about the departure sentence, we do not construe the prosecutor's silence in this case as constituting an affirmative agreement between the State and Hillsman. See *Sanders v. State*, 358 Ga. App. 241, 245 (1) (855 SE2d 19) (2021) ("There is no bright-line rule establishing that the absence of an objection[,] standing alone, automatically equates to consent in all cases.") (citation and punctuation omitted). This is particularly so since the State filed a motion to vacate before the written sentence was entered, arguing that Hillsman's sentence for armed robbery was void because it did not agree to depart from the mandatory minimum sentence. Consequently, given the absence of an express agreement between Hillsman and the State in this matter, the trial court erred by imposing a sentence that is less than the mandatory minimum sentence required for an armed robbery conviction. See *State v. McKnight*, ___ Ga. App. ___ (___ SE2d ___) (2023 WL 3016592, slip opinion at *2-3) (2023) (trial court erred by probating a portion of the defendant's mandatory minimum prison sentence for armed robbery under OCGA § 17-10-6.1 (e) without the State's consent);

*State v. Hudson*, 303 Ga. 348, 350 (2) (812 SE2d 270) (2018) (same).[6]

Accordingly, for the reasons stated above, we vacate Hillsman's sentence for armed robbery, and we remand the case to the trial court for resentencing. See *State v. Yohman*, 348 Ga. App. 378, 382 (2) (823 SE2d 57) (2019) (vacating the defendant's void sentence and remanding the case to the trial court for resentencing).

*Judgment vacated and case remanded for resentencing. Mercier, C. J., and Hodges, J., concur.*

---

[6] Hillsman's reliance on the Supreme Court of Georgia's decision in *State v. Kelley*, 298 Ga. 527 (783 SE2d 124) (2016), is misguided. There, the Court stated that, in cases involving a plea agreement to a lesser charge, the State must "promptly object" once it is notified by the trial court that it intends to impose a more lenient sentence than the State's recommended sentence, or else the State would be deemed to have consented to the lesser charge and the more lenient sentence. Id. at 531. *Kelley*, however, did not involve the construction or application of OCGA § 17-10-6.1, and given the plain language of OCGA § 17-10-6.1, we decline to apply *Kelley* to construe the State's initial silence as consent to the departure sentence.